**Yvonne GOULD, on her own behalf and on behalf of all others similarly situated, Plaintiff,**

v.

**McCUE & McCUE, P. C., Ulster Savings Bank and all other banking organizations similarly situated, Defendants.**

**No. 76 Civ. 1906.**

United States District Court, S. D. New York.

Aug. 4, 1976.

Mid-Hudson Valley Legal Services Project by Grant W. Kelleher, Robert M. Feinson, Middletown, N. Y., for plaintiff.

McCue & McCue, pro se by Leonard J. McCue, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is an action challenging the constitutionality on due process grounds of New York's post-judgment garnishment statute (C.P.L.R. § 5222) which authorizes an attorney for a judgment creditor to issue and serve, as an officer of the court, a restraining notice upon a third person holding property of the judgment debtor. Plaintiff, a welfare recipient, is a judgment debtor by virtue of a default judgment entered against her on December 12, 1975 in a civil action in the County Court of Orange County, entitled *Orange County Trust Co. v. Yvonne Gould.* On April 8, 1976, defendant McCue & McCue, acting on behalf of their client Orange County Trust Co. (the judgment creditor), served a restraining notice pursuant to C.P.L.R. § 5222 on the defendant Ulster Savings Bank, at which bank plaintiff then maintained a checking account. As a result of that restraining notice, the bank dishonored checks written by the plaintiff on her account. Plaintiff—on April 27, 1976—commenced the instant action challenging the constitutionality of § 5222 on due process grounds. Two days later, having discovered that plaintiff was on welfare, defendant McCue & McCue lifted the restraining notice and on May 10, 1976 the bank released plaintiff's funds. On the same day, plaintiff closed her account and withdrew all her funds. She now has no account with that or any other bank.

As a result of the foregoing turn of events, defendant McCue & McCue has moved to dismiss the action as moot. Plaintiff's counsel has countered with motions to convene a three-judge court, for class action determination and for leave to cause other parties to intervene. Because we have determined that the case is moot, defendant's

motion is granted and all of plaintiff's motions are denied.

■ In its papers in support of its motion to dismiss the action as moot, defendant McCue & McCue states that it "has taken no further steps against the plaintiff since lifting the restraining notice issued against the plaintiff's bank account, nor are any further steps contemplated while she is a recipient of public assistance". More importantly, plaintiff has indicated in her affidavit in opposition that she has "not established a checking account in any bank since the time of withdrawal of [her] funds from Ulster Savings Bank for fear that funds in the account would be restrained to pay the judgment outstanding against [her]". This statement, when viewed together with the defendant's intention not to proceed against plaintiff under § 5222, establishes that this case is moot. Even if defendant resolved to pursue plaintiff via § 5222 despite her status as a welfare recipient, *she* has deprived them of the means to do so, by virtue of her having closed her account. In other words, it is exclusively in *plaintiff's* control whether or not defendants can proceed against her under § 5222, and she has elected to make that impossible. It is this factor which distinguishes the instant situation from that encountered in *Moya v. DeBaca* (D.N.Mex., 1968) (three judge court) 286 F.Supp. 606, *app. dism.*, 395 U.S. 825, 89 S.Ct. 2136, 23 L.Ed.2d 740. In that case, the defendant contended that the action—challenging the constitutionality of New Mexico's garnishment statute—was moot by virtue of his having discontinued garnishment proceedings brought by him against the plaintiff pursuant to the challenged statute. Since the defendant had earlier initiated those proceedings to enforce a money judgment against plaintiff in the wrong forum, the proceedings had been dismissed for lack of jurisdiction. The three judge court, however, declined to dismiss the constitutional action as moot, since the plaintiff was at any time "subject to garnishment in the proper jurisdiction". *Moya v. DeBaca, supra,* at 607. Unlike the instant situation, it was completely within the defendant's control in *Moya,* when, where and whether he was going to avail himself of the challenged state statute.

In the instant case, on the other hand, it entirely is up to *plaintiff* whether defendant will be able to avail itself of the procedures outlined in § 5222. As things presently—and for the foreseeable future—stand, that does not appear likely or, indeed, possible. While the rule is well established that "voluntary cessation of allegedly illegal conduct" [1] does not ordinarily make a case moot, the contrary is true when there is no "reasonable expectation that the wrong will be repeated" [2] and nothing more than "a mere possibility" [3] of recurrence exists.

■ We note *en passant* that in the event we had determined that the action was not moot, we (or any three judge court that might be convened) would most likely have abstained from adjudicating the merits, since it appears that § 5222 is an "unconstrued state statute . . . susceptible of a construction by the state judiciary 'which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem' ". *Bellotti v. Baird* (1976) —— U.S. ——, 96 S.Ct. 2857, 2866, 49 L.Ed.2d ——, 44 U.S.L.W. 5221, 5225, citing *Harrison v. NAACP* (1959) 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152. See also *Carey v. Sugar* (1976) 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587, 44 U.S.L.W. 4416, 4417. Although § 5222 on its face does not itself make provision for pre-garnishment notice, the broad discretionary power vested in the court by C.P.L.R. § 5240 [4] might be construed by the New

---

1. *United States v. W. T. Grant Co.* (1953) 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303.

2. *Id.*, at 633, 73 S.Ct. at 897.

3. See n. 2 above.

4. "§ 5240. Modification or protective order; supervision of enforcement

The court may *at any time, on its own initiative* or the motion of any interested person, and upon such notice as it may require, make an

York courts as sufficient to protect § 5222 from constitutional objection. Moreover, if the state courts should elect not to follow the course of construing the statute to make it conform to constitutional standards, they might nonetheless eliminate any federal question by voiding the statute as violative of the state's own due process clause (N.Y.S.Const., Art. 1, § 6). But be that as it may, we need not, in light of our holding on the mootness issue, reach the question of abstention, or, indeed, the question whether we or a three judge court must decide that question. See *N. Y. State Waterways Assn., Inc. v. Diamond* (2d Cir. 1972) 469 F.2d 419, 423, *Abele v. Markle* (2d Cir. 1971) 452 F.2d 1121, 1125, 1126 (and cases cited therein).

The case is, accordingly, dismissed as moot. Let judgment enter.

SO ORDERED.

order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. Section 3104 is applicable to procedures under this article. Amended L.1962, c. 315, § 5." (emphasis supplied)